## Frazee *v.* Manufacturers Light & Heat Company, Appellant.

*Corporations—Eminent domain—Viewing the premises—Pipe lines.*

The Act of May 21, 1895, P. L. 89, entitled " An act relating to actions brought to ascertain or recover damages for appropriation of rights of way or easements in lands by corporations invested with the right of eminent domain and empowering and authorizing owners of land and corporations, municipal or otherwise, desiring to exercise the right of eminent domain in such lands to waive the assessment of damages by view-ers and granting the right to either party to demand and have the jury engaged in trying such action visit and view said land and premises," only applies to such actions as are brought directly to recover damages without the intervention of viewers to assess the damages. Where the case arises by appeal from the award of viewers, neither party can de-mand as of right that the jury shall visit and view the premises.

Argued April 23, 1902. Appeal, No. 5, April T., 1902, by defendant, from order of C. P. Washington Co., Nov. T., 1900, No. 73, refusing motion to permit jury to view the land in case of John A. Frazee v. Manufacturers Light & Heat Com-pany. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from award of jury of view.   Before McILVAINE, J.

At the trial the defendant's counsel requested the court to permit the jury to be taken to the land of the plaintiff and given an opportunity to examine the farms and examine the pipe line before the case is closed, in accordance with the provisions of the act of assembly governing such cases.

Plaintiff's counsel : We object to his statement of law as incorrect ; there is no act of assembly requiring the court to entertain any such motion.

The Court: Do you object to the jury going out; do you oppose the application, or consent to it ?

Plaintiff's counsel: We object for the reason that we will not inflict such a journey upon this jury.

The Court: We have examined the act of 1895, and are of opinion that that act does not apply to the case we are now trying for the reason that in this case the pleadings show there was a previous view, and an application for the jury to view the premises now, cannot be sustained or allowed under the provisions of the act.   And in regard to the common-law inherent power of the court to send a jury to view the locus in quo in a damage case, we think it is in the discretion of the court ; and although we have sent juries to view places where damages have been claimed, in our practice, in one or two instances, it was always in cases that were within, perhaps a quarter or a half a mile of the courthouse ; but taking into consideration the distance in this case, and the condition of our present list, and the kind of weather it is, I think we will refuse the application and note an exception for the defendant, and seal a bill.   On request of defendant, exception allowed and sealed.

*Error assigned* was the order of the court.

R. W. *Irwin*, for appellant, cited : Denniston v. Philadelphia Company, 1 Pa. Superior Ct. 599.

T. F. *Birch*, for appellee.

OPINION BY BEAVER, J., May 22, 1902:

Upon the petition of the plaintiff, viewers were regularly ap-

pointed to view and assess the damages sustained by him by reason of the appropriation by the defendant of the right of way through his land for the location of a pipe line for the transportation of natural gas under the right of eminent domain. The viewers made their report from which the plaintiff appealed.

On the trial of the appeal before a jury, the defendant moved the trial judge to direct the jury to go upon the premises and view the location of the pipe line before rendering their verdict. The motion was admittedly based upon the 2d section of the Act of May 21, 1895, P. L. 89.

The court refused the motion on the ground that the act of assembly referred to did not apply; and that is the only question in the case. Does the Act of May 21, 1895, P. L. 89, apply to the trial of appeals from the reports of viewers assessing damages for land occupied for and by a pipe line under the right of eminent domain?

The title of the act is " An act relating to actions brought to ascertain or recover damages for appropriation of rights of way or easements in lands by corporations invested with the right of eminent domain and empowering and authorizing owners of land and corporations, municipal or otherwise, desiring to exercise the right of eminent domain in such lands, to waive the assessment of damages by viewers and granting the right to either party to demand and have the jury engaged in trying such action visit and view said land and premises." The 2d section provides that either party to such action as is referred to in section 1 of this act shall have the right during the trial of such action . . . . to have the jury visit and view the premises, etc., but the actions referred to in section 1 are those only which are described in the title of the act and are clearly only such as are brought directly to recover damages without the intervention of viewers to assess the damages. The present case having arisen by appeal from the award of viewers regularly appointed, as required by law, at the time of the passage of the act referred to, is not within its provisions and the demand of the defendant was not, therefore, of right but was merely an appeal to the discretion of the trial judge. There is neither evidence nor suggestion of an abuse of discretion and the judgment is, therefore, affirmed.